UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WATER'S EDGE, A CONDOMINIUM OWNERS ASSOCIATION,<br><br>Plaintiff,<br>v.<br><br>AFFILIATED FM INSURANCE COMPANY, et al.,<br><br>Defendants. | CASE NO. C19-1553JLR<br><br>ORDER ON *IN CAMERA* REVIEW |

On December 21, 2020, the court ordered Plaintiff Water's Edge, a Condominium Owners Association ("the Association") and Defendant Affiliated FM Insurance Company ("AFM") to simultaneously submit letter briefs regarding various discovery issues. (*See* 12/21/20 Dkt. Entry; Pl. Statement (Dkt. # 52); Def. Statement (Dkt. # 54).) The court further ordered AFM to submit the documents at issue for an *in camera* review.

//

ORDER - 1

(12/21/20 Dkt. Entry.) On January 29, 2021, the court held a telephonic motion hearing and resolved two of the three discovery issues. (*See* 1/29/21 Min. Entry (Dkt. # 56).)

The court now addresses the remaining issue of which, if any, of AFM's withheld or redacted documents should be produced pursuant to *Cedell v. Farmers Ins. Co.*, 295 P.3d 239 (Wash. 2013). (*See id.*) The court has reviewed the 173 documents at issue. Based on the court's *in camera* review, the parties' submissions, and the parties' representations during the telephonic motion hearing, the court GRANTS in part and DENIES in part the Association's motion to compel.

As the court has articulated in past discovery disputes (*see* 10/27/20 Min. Entry (Dkt. # 48); 11/10/20 Order (Dkt. # 49)), *Cedell* creates a presumption that "there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process," 295 P.3d at 246. However, the insurer may overcome this presumption by showing that its attorney was "not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability." *Id.* The insured is thus entitled to discovery of documents involving attorney work on quasi-fiduciary tasks. *See Linder v. Great N. Ins. Co.*, No. C15-5002RBL, 2016 WL 740261, at *3 (W.D. Wash. Feb. 25, 2016) (ordering production of legal invoices involving attorneys' performance of quasi-fiduciary tasks).

But even if the insurer successfully overcomes the initial presumption, the insured may still pierce the attorney-client privilege through the "fraud" exception. *Cedell*, 295 P.3d at 246-47. The insured must assert that the insurer has engaged in "an act of bad

faith tantamount to civil fraud" and make "a showing that a reasonable person would have a reasonable belief that an act of bad faith has occurred." *Id.* Upon triggering the "fraud" exception, the court conducts an *in camera* review to determine whether there is "a foundation to permit a claim of bad faith . . . to proceed." *Id.* at 247. To strip a communication of its attorney-client privilege, the insured must show that "(1) [the insurer] was engaged in or planning a fraud at the time the privileged communication was made, and (2) the communication was made in furtherance of that activity." *Barry v. U.S.A.A.*, 989 P.2d 1172, 1176 (Wash. Ct. App. 1999).

However, *Cedell* and its progeny are inapplicable when an insurer withholds documents under the work product doctrine in federal court. *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611JLR, 2014 WL 2526901, at *8 (W.D. Wash. May 27, 2014). The primary purpose of the work product rule is to "prevent exploitation of a party's efforts in preparing for litigation." *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1494 (9th Cir. 1989). To qualify as protected work product, the document must be prepared in anticipation of litigation or for trial. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992).

Accordingly, based on the foregoing legal standards, the parties' submissions, and the court's *in camera* review, the court ORDERS AFM to produce the following documents with the indicated alterations:

//

//

//

| Document Privilege Log ID | Alteration(s) |
|---|---|
| 003_00007 | Produce and leave unredacted legal service charge on 6/21/19 starting with "For FM Global Matter . . ."  Remaining charges may be redacted. |
| 006_00012 | Produce and leave unredacted legal service charge on 11/8/19.  Remaining charges may be redacted. |
| 010_00020 | Remove all redactions |
| 020_00030 | Produce the entire document |
| 021_00031 | Produce the entire document |
| 025_00037 | Produce and leave unredacted the two charges on 6/21/19; the charge on 7/15/19 re. the call with client's adjuster; and the 8/26/19 charge re. claim investigation.  Remaining charges may be redacted. |
| 029_00043 | Produce and leave unredacted the charge on 8/16/19 by K. Librera; the portion of the charge on 8/19/19 by K. Librera at "call with client . . . D. Bentson regarding claims letter"; the 8/23/19 charge by K. Librera; and the 8/27/19 charge.  Remaining charges may be redacted. |
| 035_00052 | Produce and leave unredacted the charges on 9/10/19 "Review and Analyze draft letter . . ."; 9/11/19 "Review and analyze . . ."; and 9/25/19 "Telephone calls from and to . . ."  Remaining charges may be redacted. |
| 041_00061 | Produce and leave unredacted the charge on 9/9/19 by H. Kurzwell from "analysis of further letter from Ashbaugh . . . "; 9/10/19 by H. Kurzwel at "Miscellaneous problems . . . Comments relating to same"; and 9/19/19 by H. Kurzwell.  Remaining charges may be redacted. |
| 047_00070 | Produce and leave unredacted the charge on 10/16/19 from "work on strategy . . ."  Remaining charges may be redacted. |
| 049_00073 | Produce and leave unredacted the charges on 10/1/19 by K. Librera re. "call regarding inspection"; 10/2/19 by H. Kurzweil at "Conference call with . . . Relevant to inspection"; and 10/2/19 by K. Librera at "updates regarding investigation and site inspection."  Remaining charges may be redacted. |
| 057_00085 | Produce and leave unredacted the charges on 1/6/20 by H. Kurzweil from "Attention to follow up . . ."; 1/8/20 by H. Kurzweil from "Telephone conference . . ."; 01/23/20 by H. Kurzweil at "attention to. . . claim notice"; 1/24/20 by H. Kurzweil at "Work on response to. . . additional information"; 1/27/20 by H. Kurzweil from "Update on response . . ."; and 1/29/20 by H. Kurzweil at "further attention to . . . of same."  Remaining charges may be redacted. |

| Document Privilege Log ID | Alteration(s) |
|---|---|
| 079_00122 | Produce the entire document |
| 081_00124 | Produce the entire document |
| 083_00128 | Produce the entire document |
| 088_00133 | Produce the entire document |
| 093_00140 | Produce the entire document |
| 102_00149 | Produce the entire document |
| 106_00153 | Remove redactions from the paragraph beginning with "We are puzzled . . ." The remainder of the redactions can remain. |
| 112_00160 | Remove all redactions |
| 114_00162 | Produce the entire document |
| 115_00163 | Produce the entire document |
| 116_00164 | Produce the entire document |
| 117_00165 | Produce and redact sentence beginning with "Our recommendation . . ." |
| 122_00170 | Produce the entire document |
| 149_00205 | Produce the entire document |
| 150_00206 | Produce the entire document |
| 151_00207 | Produce the entire document |
| 152_00208 | Produce the entire document |
| 153_00209 | Produce the entire document |
| 154_00210 | Produce the entire document |
| 155_00211 | Produce the entire document |
| 156_00212 | Produce the entire document |
| 157_00213 | Produce the entire document |
| 158_00214 | Produce the entire document |
| 159_00215 | Produce the entire document |
| 160_00216 | Produce the entire document |
| 161_00217 | Remove all redactions |

AFM shall produce these documents within seven days of the filing date of this order.

Dated this 2nd day of February, 2021.

JAMES L. ROBART
United States District Judge