1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10

WATER'S EDGE, A
CONDOMINIUM OWNERS
ASSOCIATION,

11

12
Plaintiff,
13
v.

14

AFFILIATED FM INSURANCE
COMPANY, et al.,

15

16
Defendants.

CASE NO. C19-1553JLR

ORDER

17

## I.   INTRODUCTION

18

Before the court is Plaintiff Water's Edge, a Condominium Owners Association's

19

("Water's Edge") renewed motion to compel the deposition of Daniel Syhre.  (2d Mot.

20

(Dkt. # 69).)  Defendant MiddleOak Specialty ("MiddleOak") opposes the motion.  (2d

21

Resp. (Dkt. # 71).)  The court held oral argument on Water's Edge's renewed motion on

22

August 2, 2022.  (See 8/2/22 Min. Entry (Dkt. # 72).)  The court has considered the

1    parties' submissions, the arguments of counsel, the relevant portions of the record, and

2    the applicable law.  Being fully advised, the court GRANTS Water's Edge's renewed

3    motion to compel the deposition of Mr. Syhre.

## II.    ANALYSIS

5        On October 1, 2020, Water's Edge brought a motion to compel the deposition of

6    MiddleOak's attorney, Mr. Syhre, under *Cedell v. Farmers Ins. Co.*, 295 P.3d 239 (Wash.

7    2013) based on his involvement in quasi-fiduciary tasks associated with the adjustment of

8    Water's Edge's claim.  (1st Mot. (Dkt. # 45).)  The court denied its motion without

9    prejudice and informed Water's Edge that it could renew the motion "after it takes

10   additional discovery on MiddleOak's claims handling process if Water's Edge obtains

11   information in discovery showing that Mr. Syhre's deposition is necessary to Water's

12   Edge's preparation of this case."  (11/10/20 Order (Dkt. # 49) at 7; *see also* 10/27/20 Hrg.

13   Tr. (Dkt. # 51) at 21.)  Following the court's ruling, Water's Edge took the deposition of

14   MiddleOak's designated representative pursuant to Federal Rule of Civil Procedure

15   30(b)(6) in an effort to determine whether the information sought from Mr. Syhre was

16   available by other means.  (*See* 2d Mot. at 1.)  As a result of that deposition testimony,

17   Water's Edge now renews its motion to compel the deposition of Mr. Syhre.  (*Id.*)

18   Below, the court sets forth the relevant legal standard before turning to Water's Edge's

19   renewed motion.

20   **A.    Legal Standard**

21       "Parties may obtain discovery regarding any nonprivileged matter that is relevant

22   to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P.

1   26(b)(1).  The Ninth Circuit defines privileged information as "confidential disclosures

2   made by a client to an attorney in order to obtain legal advice, as well as an attorney's

3   advice in response to such disclosures."  *United States v. Chen*, 99 F.3d 1495, 1501 (9th

4   Cir. 1996).  The attorney-client privilege "applies to communications between lawyers

5   and their clients when the lawyers act in a counseling and planning role, as well as when

6   lawyers represent their clients in litigation."  *Id.*

7          However, under Washington State law, the attorney-client privilege applies

8   differently in certain insurance cases.  "[I]n first party insurance claims by insured[s]

9   claiming bad faith in the handling and processing of claims," the attorney-client privilege

10   is presumptively inapplicable.  *Cedell*, 295 P.3d at 246.  In such cases, *Cedell* creates a

11   "presumption that there is no attorney-client privilege relevant between the insured and

12   the insurer in the claims adjusting process, and that the attorney-client . . . privilege[ is]

13   generally not relevant."  *MKB Constructors v. American Zurich Insurance Co.*, No.

14   C13-0611JLR, 2014 WL 2526901, at *4 (W.D. Wash. May 27, 2014) (citing *Cedell*, 295

15   P.3d at 246).  Nonetheless, an insurer may overcome *Cedell*'s "presumption of

16   discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of

17   investigation and evaluating or processing the claim, but instead in providing the insurer

18   with counsel as to its own liability:  for example, whether or not coverage exists under

19   the law."  *Cedell*, 295 P.3d at 246.

20   **B.   Water's Edge's Renewed Motion to Compel**

21          Water's Edge argues that the record currently before the court demonstrates that

22   "information critical to the development and prosecution of its case can only be obtained

1    through the deposition of Mr. Syhre." (*See* 2d Mot. at 1.)  Specifically, Water's Edge

2    contends that "Mr. Syhre had complete control" over three areas of the claim adjusting

3    process—(1) the review of Water's Edge's claim supporting documents; (2) the

4    investigation into the nature and extent of the property damages; and (3) the contents of

5    the denial letter—and that those three areas are relevant to Water's Edge's bad faith,

6    Insurance Fair Conduct Act ("IFCA"), and breach of contract claims.  (*See id.* at 1-5

7    (citing McIsaac Decl. (Dkt. # 70) ¶ 3, Ex. A (portions of MiddleOak's Rule 30(b)(6)

8    representative's deposition transcript)); *see also* SAC (Dkt. # 36) at 4-6.)

9          In response, MiddleOak does not argue that Mr. Syhre was engaged in privileged,

10   rather than quasi-fiduciary tasks, with respect to the three areas of the claim adjusting

11   process identified in the renewed motion.  (*See generally* 2d Resp. at 1-3.)  Instead, it

12   argues that the test announced in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir.

13   1986),[1] rather than *Cedell*, applies to this discovery dispute and that "Water's Edge

14   cannot meet its burden on the third [element of the *Shelton* test] by showing that

15   counsel's deposition is crucial to the preparation of its case by relying on the general

16   notion that that deposition would cover topics that might be relevant to non-specific

17   issues." (*Id.* at 3; *see also id.* at 2 (alleging that Water's Edge could depose other

18

19

20   _____

21   [1] The *Shelton* test requires that parties seeking to depose opposing counsel demonstrate
     that they have no other means to obtain the information at issue, that the information is relevant
     and nonprivileged, and that the information is crucial.  *See Lloyd Lifestyle Ltd. v. Soaring Helmet

22   Corp.*, No. C06-0349JCC, 2006 WL 753243, at *2 (W.D. Wash. Mar. 23, 2006) (citing *Shelton*,
     805 F.2d at 1327).

1    individuals regarding the destructive investigation and that "it is unclear why it would be

2    necessary for [Water's Edge] to depose defense counsel [regarding] its own records").)

3         To begin, the court rejects MiddleOak's contention that the court should apply the

4    test for deposing opposing counsel established in *Shelton* to this dispute.  "Although the

5    [c]ourt [has] previously employed the *Shelton* test, the [c]ourt has never done so in the

6    context of insurance bad faith litigation, and *Shelton* itself has never been adopted by the

7    Ninth Circuit." *Bagley v. Travelers Home & Marine Ins. Co.*, No. C16-0706JCC, 2016

8    WL 8738672, at *2 (W.D. Wash. July 5, 2016) (citation omitted) (declining to impose the

9    *Shelton* test because "*Shelton* is inapposite in a case such as this, where an insured alleges

10   insurance bad faith and seeks to depose opposing counsel regarding quasi-fiduciary

11   tasks").  Rather, this court has applied the *Cedell* presumption in cases where the insured

12   claims bad faith in the handling and processing of claims and seeks to depose opposing

13   counsel regarding quasi-fiduciary tasks.[2]  *See, e.g.*, *id.* (ordering the deposition of defense

14   counsel under *Cedell* because the defendant failed to carry its burden of demonstrating

15   that the plaintiffs sought "privileged information, rather than information related to a

16   quasi-fiduciary task"); *Mkt. Place N. Condo. Ass'n v. Affiliated FM Ins. Co.*, No.

17   C17-0625RSM, 2018 WL 3956130, at *1 (W.D. Wash. Aug. 17, 2018) (concluding that

18

19        [2] Mr. Syhre conceded during the court's October 27, 2020 hearing on Water's Edge's
     first motion to compel, and again during the August 2, 2022 hearing on the renewed motion to

20   compel, that he had not found any "cases that apply the *Shelton* rule in the *Cedell* context." (*See*
     10/27/20 Hrg. Tr. at 16-17; 8/2/22 Min. Entry.)  And in its response to Water's Edge's renewed

21   motion, MiddleOak similarly failed to provide any cases in which this court applied the *Shelton*
     test in the *Cedell* context.  (*See generally* 2d Resp. at 2 (citing a case that did not involve

22   insurance related claims in which the court applied the *Shelton* test to determine whether the
     plaintiffs could depose defense counsel).)

1 | the depositions of defense counsel were permitted under *Cedell* because counsel

2 | "engaged in at least some claims processing and handling by assisting in the drafting" of

3 | coverage determination and IFCA response letters and "have discoverable information[,

4 | relevant to the claims in the case,] related to the drafting of those letters").[3]

5 |      Because this case involves "first party insurance claims by insured[s] claiming bad

6 | faith in the handling and processing of claims," the court concludes that the *Cedell*

7 | presumption applies to the instant discovery dispute.  *Cedell*, 295 P.3d at 246.  The court

8 | further finds that Mr. Syhre engaged in claim processing and handling—i.e.,

9 | quasi-fiduciary—tasks by reviewing the documents that Water's Edge submitted to

10 | MiddleOak in support of its claim; participating in the investigation into the nature and

11 | extent of the property damage; and drafting the denial letter on behalf of MiddleOak.

12 | (*See generally* 2d Mot. at 1-5; MiddleOak 30(b)(6) Dep. Tr. (Dkt. # 73).)  The court is

13 | convinced from the record before it that Mr. Syhre has discoverable information related

14 | to those quasi-fiduciary tasks, relevant to Water's Edge's claims, and that his deposition

15 | is permitted under *Cedell*.  Accordingly, the court GRANTS Water's Edge's renewed

16 | motion to compel the deposition of Mr. Syhre.  The deposition shall be limited to the

17 | following areas:  (1) the review of Water's Edge's claim supporting documents; (2) the

---

[3] *See also Everest Indem. Ins. Co. v. QBE Ins. Corp.*, 980 F. Supp. 2d 1273, 1280 (W.D. Wash. 2013) (finding that "testimony [of insurer's counsel] is relevant to determining whether QBE/CAU acted reasonably in denying Derus' tender, and Everest is entitled to take her deposition"); *Canyon Estates Condo. Ass'n v. Atain Specialty Ins. Co.*, No. C18-1761RAJ, 2020 WL 363379, at *1-2 (W.D. Wash. Jan. 22, 2020) ("[T]he Court is convinced . . . that [defense counsel] has discoverable information related to the drafting of those letters, relevant to the Association's claims, and that his deposition is permitted under *Cedell*.").

investigation into the nature and extent of the property damages; and (3) the denial letter. Should Water's Edge pose a question to Mr. Syhre that MiddleOak believes, in good faith, seeks to elicit privileged information, it may make the proper objection. And in the event that Water's Edge believes, in good faith, that the objection is without merit, the parties may then bring that issue before the court.

## III.   CONCLUSION

For the foregoing reasons, the court GRANTS Water's Edge's renewed motion to compel the deposition of Mr. Syhre (Dkt. # 69). Water's Edge may depose Mr. Syhre at a mutually convenient date and time. The deposition shall be limited to the following areas: (1) the review of Water's Edge's claim supporting documents; (2) the investigation into the nature and extent of the property damages; and (3) the denial letter.

Dated this 2nd day of August, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 7